**O**

**JS-6**

# United States District Court
# Central District of California

JUAN J. CHAVEZ,

                Plaintiff,

     v.

HUHTAMAKI, INC.,

                Defendant.

Case № 2:21-cv-01073-ODW (JEMx)

**ORDER GRANTING PLAINTIFF'S APPLICATION TO DISMISS [19]**

## I.      INTRODUCTION

Plaintiff Juan Chavez applies to voluntarily dismiss his individual and class claims without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (Pl.'s Appl. for Dismissal ("Appl."), ECF No. 19.)  Defendant Huhtamaki, Inc. opposes dismissal of Chavez's individual claims *without* prejudice and argues in the alternative that if dismissal is without prejudice, the Court should condition dismissal on Chavez's payment of Huhtamaki's fees and costs in this litigation.  For the reasons below, the Court **GRANTS** Chavez's Application and **DISMISSES** his individual claims **with prejudice** and class claims **without prejudice**.[1]

---

[1] Having carefully considered the papers filed in connection with the Application, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

On June 5, 2019, Chavez initiated this putative class action in state court.  (Req. Jud. Notice ("RJN") Ex. 1, ECF No. 21.)[2]  Huhtamaki removed the action to this Court on the basis of the Class Action Fairness Act ("CAFA"), alleging that the amount in controversy exceeded five million dollars.  (*Id.*, Ex. 2 (Notice of Removal, Case No. 2:19-cv-05930-ODW-JEM).)  Chavez did not move for class certification and instead moved to remand.  (*Id.*, Ex. 4.)  On January 14, 2020, this Court granted Chavez's motion and remanded the case to state court based on his representations that the amount in controversy was less than the jurisdictional amount.  (*Id.*, Ex. 5.)

In December 2019, before the Court ruled on the remand motion, Chavez filed a representative Private Attorney General Act ("PAGA") action against Huhtamaki in state court based on the same Labor Code violations alleged here; that PAGA-only case remains stayed pending adjudication of this action.  (*Id.*, Ex. 7.)

On January 7, 2021, Huhtamaki deposed Chavez in this action while in state court and discovered that, in his federal remand motion, Chavez had significantly underestimated the number of overtime hours he worked and meal periods he missed. (Decl. Sarah Ross ISO Notice of Removal ¶ 29, ECF No. 1-2.)  Based on this new information, Huhtamaki removed the case again and it was again assigned to this Court.  (Notice of Removal, ECF No. 1; Order to Reassign, ECF No. 8.)  On July 2, 2021, after briefing from the parties on the issue, this Court found Chavez to be time-barred from pursuing class certification because he failed to move for class certification at any reasonable time since filing the complaint with no adequate justification for the delay.  (Min. Order, ECF No. 18.)

Left with only his individual claims, Chavez now seeks dismissal without prejudice.

---

[2] The Court may take judicial notice of court filings and other undisputed matters of public record. *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Accordingly, the Court grants Huhtamaki's RJN.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)") permits an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "These terms may include that the dismissal be with prejudice." *Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995)).  In resolving a motion under Rule 41(a)(2), courts "must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette*, 828 F. Supp. at 1443.  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).

## IV.    DISCUSSION

The Court finds it appropriate to allow dismissal, but dismissal of Chavez's individual claims should be with prejudice and not conditioned on payment of Huhtamaki's fees.[3]

The Court must first consider whether to allow the dismissal at all.  *See Burnette*, 828 F. Supp. at 1443.  Huhtamaki does not oppose dismissal entirely but rather asks the Court to dismiss Chavez's individual claims *with* prejudice.  (Def.'s Opp'n to Appl. ("Opp'n") 6, ECF No. 20.)  As Huhtamaki does not oppose this argument, the Court focuses on legal prejudice and possible conditions.  *See, e.g.*,

---

[3] Huhtamaki contends the Court should deny the Application outright due to Chavez's failure to meet and confer as required by Local Rule 7-3.  The Local Rules are not mere trifles; however, the record in this action suggests a meet and confer would have likely been futile, such that Chavez's failure did not cause actual prejudice.  *See Zamorano v. City of San Jacinto*, No. CV 12-0965 GAF (DTBx), 2012 WL 12886852, at *2 (C.D. Cal. July 26, 2012) ("[T]he failure to meet and confer appears to have caused . . . no actual prejudice . . . and a formal meeting with respect to the anticipated motions would have served little function.").  Therefore, the Court declines to deny the Application outright on this basis.

*Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (focusing on issue of prejudice where the defendant did not oppose dismissal in general, only dismissal without prejudice).

### A.   Whether Dismissal Should be Without Prejudice

Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise.  Fed. R. Civ. P. 41(a)(2).  "Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."  *Burnette*, 828 F. Supp. at 1443.  Courts consider the following factors: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal."  *Id.* at 1443–44 (alteration in original).

First, regarding Huhtamaki's effort and expense involved in preparing for trial, Huhtamaki states it has spent $267,062 in defending this case over the last two years.  (Opp'n 7, 11.)  This defense includes the cost of filing a removal, opposing a motion to remand, conducting written discovery, deposing Chavez, and filing a second removal.  (*Id.*)  These actions constitute diligent defense of the case and reflect Huhtamaki's effort and expense in preparing for trial.  Nothing in the record indicates a lack of diligence on Huhtamaki's part.  Thus, this factor supports dismissal with prejudice.

Second, the Court considers any excessive delay or lack of diligence on Chavez's part in prosecuting the action.  A plaintiff's failure to timely move for class certification "bears strongly on the adequacy of the representation that those class members might expect to receive."  *E. Tex. Motor Freight v. Rodriguez*, 431 U.S. 395, 405 (1977).  Chavez filed this action in June 2019 and failed to move for class certification at any time, causing significant delay in the litigation process and an effectively unactionable putative class action suit.  The Court finds this indicates a

lack of diligence.   Chavez also caused significant delay by underestimating the amount in controversy in obtaining remand.  Chavez no longer disputes the amount in controversy is sufficient to support this Court's jurisdiction.  This suggests Chavez's motion to remand was either lacking in diligence or brought in bad faith.  Chavez's unreasonable delay in seeking to certify a class and his underestimations in the motion to remand support dismissal with prejudice.

Third, the Court finds Chavez's explanation for needing dismissal sufficient, as it is reasonable that Chavez does not want to pursue his individual claims without the class claims.  *See Canandaigua Wine Co. v. Moldauer*, No. 1:02-CV-06599-OWW-DLB, 2009 WL 1575176, at *5 (E.D. Cal. June 3, 2009) (finding plaintiff's explanation adequate where he was not interested in pursuing relief that would not likely lead to a financially desirable outcome).

The parties spill much ink over whether dismissal of Chavez's individual claims with prejudice here may hinder Chavez's ability to prosecute his PAGA-only action based on the same Labor Code violations, presently stayed in state court.  Last year, in *Kim v. Reins International California, Inc.*, the California Supreme Court recently held that a plaintiff could pursue a PAGA claim despite having settled his individual claim.   9 Cal. 5th 73, 89 (2020).   The plaintiff still qualified as an "aggrieved employee" under PAGA with standing to maintain his claim for PAGA penalties, even though his individual claims were no longer actionable.  *Id.*  The California Supreme Court found PAGA's plain language, underlying purpose, and legislative intent supported the plaintiff's standing even without his individual claims.  *Id.* at 82–91.  In light of *Kim*, Chavez's ability to prosecute his state court PAGA action appears unlikely to turn on whether his individual claims are dismissed with or without prejudice.

On balance, the factors above favor dismissal with prejudice.

**B.      Whether Dismissal Should be Conditional**

A court may condition "the dismissal without prejudice upon the payment of appropriate costs and attorney fees" to protect a defendant's interest in having to relitigate the matter. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Although courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under [Rule] 41(a)(2), such an award is improper when the dismissal is *with prejudice*." *Maculan v. City of Escondido*, No. 13-cv-1794 L (WVG), 2014 WL 3341070, at *1 (S.D. Cal. July 8, 2014). Huhtamaki requests that, if the Court dismisses Chavez's claims without prejudice, dismissal be conditioned on Chavez paying Huhtamaki's fees and costs. (Opp'n 11.) However, as the Court finds dismissal of Chavez's individual claims with prejudice proper, an award of attorneys' fees is unnecessary to protect Huhtamaki's interest. *See Westlands Water Dist.*, 100 F.3d at 97. The Court thus declines to condition the dismissal with prejudice upon payment of attorneys' fees.

## V.      CONCLUSION

For the reasons discussed above, the Court **GRANTS** Chavez's Application. (ECF No. 19.) The Court **DISMISSES** Chavez's individual claims with prejudice and **DISMISSES** the class claims without prejudice.

**IT IS SO ORDERED.**

September 28, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**